```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

THELMA BROWN,                    )
                                 )
            Plaintiff,           )
                                 )
      v.                         )      No. 12 C 9538
                                 )
LAKHANI HOSPITALITY d/b/a        )
HOLIDAY INN-SKOKIE,              )
                                 )
            Defendant.           )
```

                            MEMORANDUM ORDER

With pro se plaintiff Thelma Brown ("Brown") participating telephonically and interposing no objection to the motion filed by new counsel for defendant Lakhani Hospitality ("Lakhani") to amend its previously filed Answer, this Court granted counsel's motion to do so. When Brown then began to express concern as to other aspects of Lakhani's responsive pleading, this Court reflected its own concerns by advising that it anticipated issuing one of its too-frequently-filed sua sponte opinions dealing with the other aspect of Lakhani's responsive pleading--its affirmative defenses ("ADs").

In that respect all too many lawyers fail to comply with the fundamental requirements imposed on ADs by Fed. R. Civ. P. ("Rule") 8(c) and the caselaw interpreting and applying that Rule--and see also this Court's App'x ¶5 to its opinion in <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Here are the problematic aspects of the scattershot laundry list of ADs that Lakhani has chosen to offer up:

1. AD ¶7 is the equivalent of a Rule 12(b)(6) motion, challenging Brown's Complaint as assertedly failing to state a claim for relief. But the underlying concept of an AD calls for treatment of a plaintiff's allegations as gospel, while at the same time asserting some predicate for nonrecovery by the plaintiff or perhaps, as in the case of contributory negligence, recovery by the plaintiff of less than has been claimed. In this instance Complaint ¶¶9 and 12(a), supplemented by Brown's Charge of Discrimination attached as an exhibit to her Complaint, call for rejection of that AD, and it is stricken.

2. AD ¶8 asserts a failure on Brown's part "to exercise diligence to mitigate her alleged damages." That may or may not be true, and it may or may not have been revealed during the course of Brown's deposition, but it must be fleshed out rather than leaving it to Brown and to this Court to guess as to the basis for its assertion. Accordingly that AD will also be stricken unless Lakhani amends it on or before December 3, 2013 in a manner that complies with the concept of notice pleading that federal practice requires of defendants as well as plaintiffs.

3. AD ¶¶9, 12, 13 and 14 begin with the telltale phrase "to the extent," a sure tipoff that a purported AD is either speculative or, if not, fails to comply with that

same principle of notice pleading. Those ADs will also be stricken unless appropriately fleshed out in the amendment referred to in the preceding paragraph.

4. AD ¶10 also leaves the reader to guess what allegations are flawed in the respect stated there. In that regard Lakhani's counsel must recognize that allegations that "fall outside of plaintiff's 90-[day]-filing window" may still be retained as evidentiary support for proof of a discriminatory mindset on the part of Lakhani's personnel, even though those allegations are not themselves actionable because of limitations problems.

5. AD ¶11, like some of the earlier ADs, suffers from a lack of particularization needed to satisfy the notion of notice pleading.

6. AD ¶15 is a poster child exhibiting the type of impermissible conclusory assertions that provide no information at all as to the basis for their advancement.

In sum, the ADs are stricken in their totality.[1] Lakhani is granted leave to file a curative amendment to its Amended Answer, setting out whatever ADs conform to the basic ground rules, on or

---

[1] This is done to permit the filing of a self-contained group of ADs that will obviate the need to flip back and forth between separate pleadings to see just what is being asserted.

before the earlier-specified December 2 date.

```
                          _____
                          Milton I. Shadur
                          Senior United States District Judge
```

Date:  November 19, 2013