# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THELMA BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12 C 9538 |
| | ) |
| LAKHANI HOSPITALITY | ) |
| D/B/A HOLIDAY INN-SKOKIE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Thelma Brown ("Brown"), acting pro se, has utilized the printed Complaint of Employment Discrimination form supplied by the Clerk's Office for use by non-lawyer-represented plaintiffs to charge her former employer Lakhani Hospitality ("Lakhani") with age discrimination and harassment that resulted in the termination of her employment (according to Lakhani she had been a part-time employee for just over a year, between April 7, 2011 and April 13, 2012 (but see n.2)). When Lakhani found no predicate at all for the advancement of those claims either in its own records or as the result of discovery, it understandably moved under Fed. R. Civ. P. ("Rule") 56 for summary judgment, supporting its motion properly with a statement of material facts buttressed by an evidentiary showing and coupling that factual presentation with a supporting memorandum of law (in those respects, see this District Court's LR 56.1(a)).

Regrettably Brown's response to Lakhani's motion not only did not conform to LR 56.1(b)'s responsive requirements,[1] but she has impermissibly ranged afield. Thus, having

_____

[1] Neither what has just been said in the text nor anything else in this memorandum order should be misunderstood as based on any technical procedural deficiencies on Brown's part. To the contrary, this Court has reviewed and evaluated Brown's submissions through the generous

(continued)

adduced no evidence at all that either (1) her admitted termination or (2) the unadmitted harassment that she claims to have suffered had been the result of <u>age</u>-based discrimination, she has shifted gears by adding a charge of sex discrimination[2] as well as by advancing a litany of grievances that are not ascribable to statutorily-prohibited discrimination at all.

In all, the competing litigants' submissions on Lakhani's Rule 56 motion have generated a 1-3/4 inch paper stack that this Court has gone through with care, even though that process has brought to mind Judge Posner's colorful phrase in <u>United States v. Dunkel</u>, 927 F. 2d 955, 956 (7th Cir. 1991):

> Judges are not like pigs hunting for truffles.

But there is no need to wade through a discussion of the minutiae contained in those materials, because Brown loses as a matter of law for two fundamental reasons:

1. Brown's original EEOC Charge of Discrimination (the one that asserted age discrimination) was filed on December 14, <u>2011</u>, so that she failed to exhaust her administrative remedies to support her complaint that she was

---

(footnote continued)
lens prescribed years ago in <u>Haines v. Kerner</u>, 404 U.S. 519 (1972) for the consideration of pro se filings.

[2] In that respect Brown's Ex. A, part of her response, includes a photocopy of a later-filed Charge of Discrimination lodged with the EEOC in which she states:

> I believe that I have been discriminated against because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

That Charge identifies the last date on which any sex-based discrimination assertedly took place as her stated discharge date of April 8, 2012 (as the earlier text stated, Lakhani has that date as April 13, but that disparity makes no difference), so that any advancement of that Charge on December 3, 2013 is way out of time and could not serve as the predicate for an expansion of her Complaint.

terminated for that reason in April 2012.  Moreover, as already stated, none of the evidence that she has advanced supports even inferentially a determination that the problems that Lakhani encountered were in any respect age-based.

2. That latter statement applies with equal force to any claim that the asserted harassment to which Brown was subjected was grounded in her age.  To the contrary, all of the matters that she has adduced as purportedly coming under the rubric of harassment were, on her own account, attributable to other employment-related reasons not governed by federal anti-discrimination statutes.

## Conclusion

In sum, there are no genuine issues of material fact that, even with reasonable inferences in Brown's favor, preclude Lakhani's entitlement to summary judgment.  This Court holds that Lakhani is entitled to a judgment as a matter of law, so that its Rule 56 motion (Dkt. 34) is granted and this action is dismissed with prejudice.

_____
Milton I. Shadur
Senior United States District Judge

March 3, 2014